{¶ 30} Cases terminating parental rights present an extremely difficult balancing of parents' fundamental liberty interest to raise their child and the state's important interest in ensuring the safety and well-being of all children. Clearly, the child in this matter had been in an unsafe situation, but that is not the question before us. The question is whether a mother may lose custody of her child where there is a finding of neglect, but there is no finding that she is an unsuitable mother.
 {¶ 31} While it is true this matter deals only with custody, and not the termination of parental rights, this constitutes only a temporal difference. If you lose custody of your child for a day, a month, or a year, you have been deprived of your constitutionally protected right to raise your child as you see fit.
 {¶ 32} The Supreme Court of Ohio has recognized the importance of parents' rights to raise their children. "`Permanent termination of parental rights has been described as "the family law equivalent of the death penalty in a criminal case." * * * Therefore, parents "must be afforded every procedural and substantive protection the law allows[.]"'"[2]
 {¶ 33} Moreover, both the Supreme Court of Ohio and the United States Supreme Court have recognized parental rights as fundamental liberty interests.
 {¶ 34} "The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State."[3]
 {¶ 35} The Supreme Court of Ohio has ruled that a finding of parental unsuitability is necessary in a custody dispute between a natural parent and a nonparent.[4] While the Hockstok
case involved a dispute between a parent and a grandparent and was decided pursuant to R.C. 3109.04, there is no reason why this requirement should not apply to custody disputes adjudicated under R.C. 2151.23(A)(2). Specifically, the Supreme Court of Ohio held that "`(t)he general rule in Ohio regarding original custody awards in disputes between a parent and a non-parent is that "parents who are `suitable' persons have a `paramount' right to the custody of their minor children unless they forfeit that right by contract, abandonment, or by becoming totally unable to care for and support those children."'"[5]
 {¶ 36} I cannot agree with the logic that the Supreme Court of Ohio and the majority follows in cases adjudicated under R.C.2151.23(A)(2), that a finding of neglect or dependency is synonymous with unsuitability of a parent.[6] The concepts of "unsuitability" and "neglect," while related, are not the same. For example, a parent who fails to secure a child in a seat belt in his or her motor vehicle is "neglecting" the well-being of that child. In the event of injury, that absence of care could well result in a finding that the child is "neglected" in a juvenile court. Would the grandparents then be permitted to file for custody and urge the court to go immediately to the "best interest" test for that child, since the PRESUMPTION OF UNSUITABILITY had already been established, as a matter of law, with regard to the parents? The obvious answer is "No."
 {¶ 37} The creation of a judicial shortcut to deprive a parent of custody under R.C. 2151.23(A)(2), when the same parent would be accorded greater rights if the court were proceeding under R.C. 3109.04, makes no sense.
 {¶ 38} As a fundamental constitutional right, there can be no deprivation of parental rights, however limited, prior to a specific finding of unsuitability. It is that simple. There has been no finding in this matter that this mother is unsuitable. Therefore, the termination of her custody of her child is contrary to law.
[2] In re Hoffman, 97 Ohio St.3d 92, 2002-Ohio-5368, at ¶ 14, quoting In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting Inre Smith (1991), 77 Ohio App.3d 1, 16.
[3] Santosky v. Kramer (1982), 455 U.S. 745, 753.
[4] Hockstok v. Hockstok, 98 Ohio St.3d 238, 2002-Ohio-7208, syllabus.
[5] Id. at ¶ 21, quoting Masitto v. Masitto (1986),22 Ohio St.3d 63, 65, quoting In re Perales (1977), 52 Ohio St.2d 89,97.
[6] See In re C.R., 108 Ohio St.3d 369, paragraph three of the syllabus.